UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

HENRY WHITEHEAD III,

          Plaintiff,

        -v-                                    5:25-CV-621 (AJB/MJK)

STEPHEN IVES,

          Defendant.
_____

**APPEARANCES:**                                 **OF COUNSEL:**

HENRY WHITEHEAD III
Plaintiff, Pro Se
968 Bradley Street
Watertown, NY 13601

**Hon. Anthony Brindisi, U.S. District Judge:**

## ORDER ON REPORT & RECOMMENDATION

On May 15, 2025, *pro se* plaintiff Henry Whitehead III ("plaintiff"), a resident of the State of New York, filed this 42 U.S.C. § 1983 action alleging that defendant, a fellow "private citizen" living in New York, defrauded him in connection with a "land contract" for a basement apartment unit and that, while plaintiff was out of town, defendant entered the unit and disposed of plaintiff's belongings, leaving him homeless. Dkt. No. 1. Along with his complaint, plaintiff moved for leave to proceed *in forma pauperis* ("IFP Application"). Dkt. No. 2.

On May 20, 2025, U.S. Magistrate Judge Mitchell J. Katz granted plaintiff's IFP Application but, after an initial review of the pleading, advised by Report & Recommendation ("R&R") that plaintiff's complaint should be dismissed without prejudice and without leave to amend for lack of "subject matter jurisdiction." Dkt. No. 4.

Federal courts have limited "subject matter jurisdiction," which means that they can only entertain certain kinds of disputes between parties. Broadly speaking, a federal trial court can entertain cases in which: (1) there is a so-called "federal question," in that a claim arises under the "Constitution, laws, or treaties of the United States"; or (2) there is "complete diversity of citizenship" between the parties and at least $75,000 in controversy. 28 U.S.C. §§ 1331, 1332.

Judge Katz correctly determined that plaintiff had not alleged "complete diversity of citizenship" jurisdiction. As Judge Katz explained, plaintiff and defendant are both residents of the State of New York. Where, as here, the parties are both residents of the same state, there is no "complete diversity of citizenship" jurisdiction.

Likewise, Judge Katz correctly determined that plaintiff had not alleged any basis for "federal-question" jurisdiction. The federal law most likely to apply under these circumstances would be 42 U.S.C. § 1983, which can be used by a plaintiff when someone violates their civil rights. Importantly, though, "[t]o state a claim under § 1983, a plaintiff must allege . . . that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). As Judge Katz explained, a "private citizen"—such as defendant—is not a "person acting under color of state law" for purposes of a § 1983 claim.

Finally, as Judge Katz noted, although the general rule is to give a *pro se* plaintiff at least one chance to amend, leave to amend is properly denied where, as here, an amendment would be futile. Judge Katz concluded that a private contractual dispute between private citizens from the same State almost certainly belongs in state court.[1] Thus, as Judge Katz explained, if plaintiff has a damages claim based on the allegations in his complaint his remedy would almost certainly be to file a civil claim against defendant in state court.

---

[1] There are some federal laws governing housing matters, but they would not apply to the facts alleged.

- 3 -

Plaintiff has not lodged objections, and the time period in which to do so has expired. *See* Dkt. No. 4. Upon review for clear error, the R&R will be accepted and adopted. *See* FED. R. CIV. P. 72(b).

Therefore, it is

ORDERED that

1. The Report & Recommendation (Dkt. No. 4) is ACCEPTED; and

2. Plaintiff's complaint (Dkt. No. 1) is DISMISSED without prejudice and without leave to amend for lack of subject matter jurisdiction.

The Clerk of the Court is directed to terminate the pending motion, enter a judgment accordingly, and close the file.

**IT IS SO ORDERED.**

Dated: June 17, 2025
        Utica, New York.

Anthony J. Brindisi
U.S. District Judge